IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SMOKE,<br>　　　　　　**Plaintiff**<br><br>　　v.<br><br>**NATIONAL ELECTRIC CARBON PRODUCTS, INC., GARY JOHNSON, ASHLEY FRANCES and JACK CARSON,**<br>　　　　　　**Defendants** | No. 3:06cv1157<br><br>(Judge Munley) |

## MEMORANDUM

　　　　Before the court for disposition is the defendants' motion to dismiss Defendants Gary Johnson, Ashley Frances and Jack Carson from this case involving allegations of sexual and religious harassment in the workplace. The motion seeks to have the individual defendants dismissed. The matter has been fully briefed and is ripe for disposition.

**Background[1]**

　　　　Defendant National Electric Carbon Products, Inc. ("National") is a corporation located in East Stroudsburg, Pennsylvania. (Compl. ¶ 2). Defendant hired plaintiff on December 17, 1973. (Compl. ¶ 16). National promoted plaintiff to Manager of Human Relations in 1994 and to Co-Site Director in January 2001. (Id.).

　　　　Plaintiff asserts that Gary Johnson, who served as Fabrication Manager of National, called him disparaging names and used lewd remarks knowing that, in light of plaintiff's religious beliefs, such language made him uncomfortable because of its sexual nature. (Compl. ¶ 19). Plaintiff requested that Johnson stop the remarks, but he did not. Plaintiff complained to his immediate supervisor Jack Carson. (Compl. ¶¶ 20-21).

---

　　　　[1]We have derived these background facts from the plaintiff's complaint.

Approximately two and a half months after complaining, plaintiff's superiors informed him that he and Carson would have to learn to work together. (Compl. ¶ 23). No further action was taken on plaintiff's complaint. (Id.).

At a management meeting attended by the plaintiff, sexist comments were made as well as comments/jokes regarding religion. (Compl. ¶¶ 25-26). Some of these comments were made by Defendant Ashley Frances, President of Brush Manufacturing and Defendant Johnson's direct supervisor. (Compl. ¶ 26). Defendant Frances made a comment degrading plaintiff's religion, that is Jehovah's Witness. (Compl. ¶ 27). Such comments continued at other meetings and in the workplace. Plaintiff advised Defendant Carson, director of Human Relations, that he was uncomfortable with the various conversations about sex and religion. (Compl. ¶ 32). Defendant Carson refused to take any action regarding the behavior. (Compl. ¶ 33).

Plaintiff was subjected to the harassment every day. Eventually, the harassment became so severe that it affected plaintiff's emotional and mental state. (Compl. ¶¶ 38-39). Plaintiff asserts that the harassment from Defendants Johnson and Frances affected his health to such a degree that he was thus forced to stop working involuntarily on June 14, 2004. (Compl. ¶ 40, ¶ 46).

Subsequently, plaintiff filed the instant cause of action seeking relief under the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 PENN. CONS. STAT. § 951, *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII").[2] The individual

---

[2]Although the complaint merely states "Title VII" we assume that the plaintiff refers to Title VII of the Civil Rights Act of 1964, which applies to

defendants have filed a motion seeking dismissal from this action pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to Title VII for employment discrimination we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")  We have supplemental jurisdiction over the plaintiff's state law PHRA claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants raise two issues in their motion to dismiss.  First, they assert that the individual defendants should be dismissed because the plaintiff has not exhausted his administrative remedies with respect to

---

employment discrimination.  The complaint also invokes the Americans with Disabilities Act; however, it makes no averments with regard to disability.

3

them.  Second, they argue that the individual defendants cannot be held liable under the PHRA because the plaintiff alleges no facts in support of his claim that these individuals aided or abetted acts of discrimination or that they "substantially assisted" any discriminatory conduct.   We will address these issues *in seriatim*.

## I. Exhaustion of remedies

First we will address the following footnote found in defendants' brief. The defendants state: "Plaintiff only brings claims against the individual Defendants under the PHRA, as Title VII does not provide for individual liability." (Doc. 5-1, Def. Brief in Support of Motion To Dismiss, pg. 3 n.2). We find that the complaint is not clear as to whether it seeks to hold the individual defendants liable under Title VII.   To the extent that the complaint does assert a Title VII cause of action against the individual defendants, it will be dismissed as "Congress did not intend to hold individual employees liable under Title VII." Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996).   Accordingly, the remainder of our analysis regarding the individual defendants applies to the PHRA claims.

In order to file suit under the PHRA, the plaintiff must first exhaust his administrative remedies.  Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919 (Pa. 1989).   To exhaust administrative remedies, the plaintiff must file an administrative complaint with the Pennsylvania Human Rights Commission (hereinafter "PHRC").  Woodson v. Scott Paper, Co., 109 F.3d 913, 925 (3d Cir. 1997).   In the instant case, it is undisputed that the plaintiff filed an administrative complaint with the PHRC.  In the administrative complaint, however, only National was listed as a

"respondent."[3]  (Doc. 5-2, Def. Ex. A, PHRC Complaint). The individual defendants are not listed in the caption of the complaint.  Thus, the individual defendants argue that the PHRA claim is not exhausted as to them.  The plaintiff argues that the individual defendants are mentioned in the body of the complaint and that is sufficient to satisfy the exhaustion requirement.  After a careful review, we agree with the plaintiff.

In support of their position, the defendants cite Vuong v. J.C. Penney, No. Civ.A. 04-3940, 2005 WL 1353394 (E.D.Pa. May 31, 2005). In Vuong, the United States District Court for the Eastern District of Pennsylvania concluded that because the plaintiff had not named the individual defendants in her initial PHRA complaint, the claims against them were time-barred.  Id. at *8.  The issue in that case was not the same as the issue is here.  With regard to the PHRA claim, the Vuong court had to determine if the claims were time-barred when filed with the PHRC.  The issue we must decide is whether discussing a party in the body of a PHRC complaint is sufficient to exhaust administrative remedies as to that party where the individual is not named in the caption of the complaint.  It is not clear in Vuong whether the individual defendant was named in the body of the initial complaint.   We find that Vuong provides, at best, only slight support for the defendant's position, and thus we must perform a more substantial analysis of this issue.

---

[3]Although normally when deciding a motion to dismiss under Rule 12(b)(6) we may not examine matters outside of the complaint, we may "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 f.2d 1192, 1196 (3d Cir. 1993).  We find the PHRC complaint to be such a document in the instant case.

The federal counterpart to the PHRA is Title VII. To exhaust remedies under Title VII, the plaintiff must file a complaint with the EEOC. To determine if a plaintiff may sue a party not named in the EEOC caption, the Third Circuit Court of Appeals applies a four prong test that examines the following:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [sic] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977). This "four pronged test is not a mechanical one; no single factor is decisive." Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980) (Glus II), *vacated on other grounds sub nom*. Retail, Wholesale & Dept. Store Union v. G.C. Murphy Co., 451 U.S. 935 (1981).

Because the PHRA is construed in a manner consistent to its federal counterparts, Kelly v. Drexel University, 94 F.3d 102, 105 (3rd. Cir.1996), we find that it is appropriate to apply this test to the instant case.

With regard to the first factor, the plaintiff could have ascertained the role of the unnamed parties at the time of the filing of the PHRC complaint, and in fact, did name them in the body of the complaint.[4] The interests of

---

[4] The PHRC Complaint asserts that Defendants Ashley and Johnson harassed plaintiff. (Doc. 5-2, Def. Ex. A, PHRC Complaint). It further alleges that Defendant Carson "refused to take any action to correct the

the named party, National, and the unnamed parties, National's supervisors/managers are very similar, and the absence of the unnamed parties should not have had any effect on obtaining voluntary conciliation and compliance at the administrative level.  The individual defendants are the people that National would have consulted when the complaint was filed in order to defend the claim.  This is especially so because they are named in the body of the complaint.   In fact, the interests of National and the individual defendants are so intertwined that they are represented by the same counsel in this litigation.  Next, the individual defendants have not claimed that they have been prejudiced in any way by not being named in the caption in the PHRC complaint.   Accordingly, we find that these factors weigh in favor of finding that the individual defendants may be sued although not named in the caption of the PHRC complaint.   See also Cardamone v. Murray Mgmt., Inc., No. Civ.A. 3:05-CV-0679, 2005 WL 3478320 (M.D. Pa. Dec. 19, 2005) (finding that because the body of the complaint set forth claims against the individual defendant, although she was not named in the caption, she was sufficiently put on notice, and administrative remedies were exhausted as to her).  Thus, the motion to dismiss on this ground will be denied.

**II.  Individual liability under the PHRA**

As set forth above, the defendants cannot be held liable on an individual basis under Title VII.  On the other hand, the PHRA in certain circumstances provides for individual liability.  The law states that it is a violation for "any person, employer, employment agency, labor organization or **employee** to aid, abet, incite, compel, or coerce unlawful discriminatory

---

objectionable behavior."  (Id. at ¶ 21).

7

practice. . ." 43 PENN. CONS. STAT. § 955 (emphasis added).  The term "employee" in this section has been interpreted to apply to a plaintiff's supervisor, but not non-supervisory co-employees.  Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996).

Defendants assert that the complaint does not properly allege that they "aided, abetted, incited, compelled or coerced" the discriminatory harassment.  Plaintiff asserts that he has sufficiently pled claims for individual liability.  We agree with the plaintiff.

In the instant case, plaintiff's immediate supervisor was Defendant Jack Carson, President of National.[5]  (Compl. ¶ 18).   Because he is plaintiff's supervisor, Defendant Carson may be held liable under the PHRA.  Defendants assert Carson cannot be held liable because he did not "aid, abet, incite, compel or coerce" the conduct at issue.  Plaintiff asserts in the complaint, however, that he complained to Carson, and Carson took no action to correct the objectionable behavior.  Defendant asserts that this allegation merely asserts a failure to act and such a failure is not sufficient to impose liability. The law provides, however, that a supervisor may be held liable for aiding and abetting harassment if plaintiff alleges that the supervisor knew of the harassment but repeatedly refused to stop it.  Dici v. Pennsylvania, 91 F.3d at 553. Carson is alleged to be plaintiff's direct supervisor, and plaintiff alleges that he repeatedly did nothing to stop the harassing behavior when it was brought to his attention.  Accordingly, it is inappropriate to dismiss Defendant Carson.

Defendant Ashley Frances is in a supervisory role as she is

---

[5]Carson is also identified in the complaint as the Director of Human Relations.  (Compl. ¶ 32).

8

Defendant Gary Johnson's supervisor. (Compl. ¶ 19).  For purposes of a motion to dismiss, we find that sufficient allegations have been made to hold Frances liable.  Plaintiff has asserted Frances actually engaged in the harassing conduct.  Accordingly, it is inappropriate to dismiss Defendant Frances at this point.

Defendant Gary Johnson is not alleged to be a supervisor. Therefore, he shall be dismissed from the case.

**Conclusion**

For the forgoing reasons, we will deny the defendants' motion to dismiss.  We find that although the individual defendants were not named in the complaint before the PHRC, they were named in its body, and they were not at all prejudiced in not being named in the caption.  Plaintiff has further alleged sufficient facts in the complaint to hold the individual defendants liable under the PHRA except for Defendant Johnson who shall be dismissed.  As Title VII does not provide for individual liability, to the extent that the complaint asserts individual liability under Title VII, it will be dismissed.   An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD SMOKE,** **Plaintiff** v. **NATIONAL ELECTRIC CARBON PRODUCTS, INC., GARY JOHNSON, ASHLEY FRANCES and JACK CARSON,** **Defendants** | **No. 3:06cv1157** **(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 9th day of February 2007, the defendants' motion to dismiss (Doc. 4) is hereby **GRANTED** in part as follows. Defendant Gary Johnson is **DISMISSED** from this case, and to the extent that the complaint seeks to hold the individual defendants liable under Title VII, it is **DISMISSED**. The motion is **DENIED** in all other respects.

                              **BY THE COURT:**


                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**